IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JERRY BARLOW, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | C. A. No. 08-565-MPT |
| : | |
| DELHAIZE GROUP and EMERALD : | |
| FARMS, : | |
| : | |
| Defendants. : | |

## **MEMORANDUM ORDER**

**Procedural Background**

The instant matter is an action brought by plaintiff, Jerry Barlow, for personal injuries allegedly sustained on April 28, 2006 as a result of a glass vase of roses, which he purchased from the Food Lion in Smyrna, Delaware, breaking in his hand at home. On October 8, 2008, defendant Delhaize Group ("Delhaize") moved to dismiss plaintiff's action based on lack of personal jurisdiction. On October 29, 2008, defendant Emerald Farms ("Emerald") moved to dismiss and/or for summary judgment on the basis of D.Del. LR 41.1 for failure to prosecute and absence of evidence to support plaintiff's action. Both defendants filed affidavits in support of their respective motions. Plaintiff opposes both motions, and attached supporting documents outside the pleadings.

Plaintiff's suit was originally filed in the United States District Court for the Eastern District of Pennsylvania on April 18, 2008. On June 23, 2008, plaintiff filed notice for a default judgment against defendants. Default was entered on the same day. Subsequently, Emerald filed its answer. On June 27, 2008 Delhaize filed a

motion to set aside the default judgment and to dismiss the complaint for lack of personal jurisdiction. Delhaize also argued that the matter was improperly venued in Pennsylvania because all of the operative events occurred in Delaware. On July 30, 2008, the Honorable Stewart A. Dalzell set aside the default judgment against Delhaize, and transferred the matter to this court after having found that venue was not proper in the Eastern District of Pennsylvania. Because of the transfer, that court did not reach the question of whether it had personal jurisdiction and dismissed that part of Delhaize's motion without prejudice with leave to refile.

Emerald did not move to set aside the default until August 18, 2008, after the order for transfer had been entered. On September 8, 2008, the case was physically transferred to this court. The matter was initially assigned to the Honorable Sue Robinson on September 17, 2008, and within ten days thereafter Delhaize filed its present motion. When Emerald filed the motion under consideration, its motion to set aside the default had not been decided. Immediately after the due date for plaintiff's response to Emerald's motion to dismiss and/or for summary judgment, Emerald filed a letter with the court advising that briefing had been completed and requesting oral argument.[1] By that time, plaintiff had not filed a response to either defendants' case dispositive motions.

On November 25, 2008, local counsel entered his appearance on behalf of plaintiff and his responses to the outstanding motions of Delhaize and Emerald were filed. Thereafter, except for *pro hoc vice* motions, nothing happened in the case until

---

[1] That date was November 19, 2008. The due date for plaintiff's response was November 17, 2008.

2

March 3, 2009 when it was referred to Magistrate Judge Mary Pat Thynge for management of pretrial matters. On March 19, 2009, a Rule 16 scheduling conference was held. During that teleconference, the proposed scheduling order was discussed, and the court also asked whether there was any opposition to Emerald's motion to vacate. Since none was voiced, the court entered an oral order granting the motion, which was subsequently formalize in a written order on May 7, 2009.

The parties' consent to the jurisdiction of Magistrate Judge Thynge pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 was entered on April 23, 2009. On April 27, 2009, the scheduling order was entered. All discovery is to be completed by December 15, 2009 and case dispositive motions are due by January 15, 2010.

This Memorandum Order addresses the outstanding dispositive motions of Delhaize and Emerald.

**Factual Background**

Plaintiff alleges that after purchasing a dozen roses in a glass container from the Food Lion store in Smyrna, Delaware, he suffered permanent injuries to his right hand when the vase broke after he arrived at his home. Plaintiff claims that Delhaize is the holding company that operates the Food Lion store where he purchased the vase and flowers. Plaintiff contends that Emerald designed, manufactured, produced and sold the glass vase in question to Food Lion. He has averred strict liability under

3

*Restatement (Second) of Torts* § 402,[2] negligence[3] and misrepresentation claims[4] against Delhaize and Emerald.

**Standard of Review**

    **Motion to Dismiss Rule 12(b)(2)**

Under a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), the court must "accept as true all allegations of jurisdictional fact made by the plaintiff and resolve all factual disputes in the plaintiff's favor."[5] Rule 12(b)(2) requires the court to dismiss a case when it lacks personal jurisdiction over the defendant.[6] In order for personal jurisdiction over the defendant to exist, the plaintiff must allege facts which are sufficient to satisfy two requirements: statutory and constitutional. Under the statutory requirement, the court's analysis is whether there is a statutory basis for jurisdiction under the forum's long-arm statute.[7] The issue for review of the constitutional basis is whether the exercise of jurisdiction comports with the defendant's right to due process.[8] Therefore, in determining whether personal jurisdiction exists, the court must engage in that two step analysis.

When a jurisdictional defense is raised, the burden rests with the plaintiff to

---

[2] Plaintiff maintains that Delhaize is strictly liable because it placed the vase in question into the stream of commerce, while Emerald is strictly liable because it "designed, manufactured, produced and placed the glass container into the stream of commerce."

[3] Plaintiff alleges breaches of the various duties owed by each defendant.

[4] Plaintiff contends that defendants misrepresented the character and quality of the glass vase that "were of such a nature as to render [them] individually and/or collectively strictly liable for [his injuries]." Plaintiff further argues that the false representations of the character and quality of the vase were intended to induce him to purchase the product along with the roses.

[5] *Monsanto Co. v. Syngenta Seeds, Inc.*, 443 F. Supp. 2d 636, 642 (D. Del. 2006).

[6] *E.I. DuPont de Nemours & Co. v. Rhodia Fiber & Resin Intermediates,* 197 F.R.D. 112, 119 (D. Del. 2000).

[7] Under Fed. R. Civ. P. 4(e), a federal court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state.

[8] *International Shoe Co. v. Washington*, 326 U.S. 310 (1945).

establish with reasonable particularity the required minimum contacts between the defendant and the forum state.[9] A plaintiff must establish either specific jurisdiction or general jurisdiction. Specific jurisdiction applies when the cause of action arises from contacts within the forum state; general jurisdiction occurs when a defendant has continuous and systematic contacts with the state, regardless of whether those activities are related to the particular cause of action.[10]

"Courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record" when reviewing a motion to dismiss.[11] Rule 12(d) addresses the use of materials which are outside the pleadings. When such materials are presented, the motion is treated as one for summary judgment. However, certain additional materials may be consider without converting the motion to dismiss into a motion for summary judgment. Moreover, a court is not limited to the four corners of the complaint and may consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders [and] items appearing in the record of the case."[12] A plaintiff is entitled to notice and a fair opportunity to respond to any evidence the court might consider in its review of a motion to dismiss. Where a plaintiff had such notice, however, it is proper for the court to consider that evidence.[13]

---

[9] *Monsanto*, 443 F. Supp. 2d at 642.

[10] *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414, 416 (1984).

[11] *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 988 F.2d 1192, 1196 (3d Cir. 1993).

[12] *Buck v. Hampton Tp. School Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (citing 5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (2004)). Further, "exhibits attached to the complaint whose authenticity is unquestioned" may also be considered. 5B Charles A. Wright & Arthur R. Miller. *Federal Practice & Procedure* § 1357 (2007).

[13] *Pension Benefit*, 998 F.2d at 1196-97 ("When a complaint relies on a document, however, the plaintiff obviously is on notice of the contents of the document, and the need for a chance to refute evidence is greatly diminished.") (internal citations omitted).

**Summary Judgment**

Summary Judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."[14] Once there has been adequate time for discovery, Rule 56(c) mandates judgment against the party who "fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[15] The moving party is entitled to judgment as a matter of law when "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."[16] A dispute of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[17]

The moving party bears the initial burden of identifying portions of the record which demonstrate the absence of a genuine issue of material fact.[18] "The burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence supporting the nonmoving party's case."[19]

If the moving party has demonstrated an absence of material fact, the nonmoving party must then "come forward with specific facts showing that there is a genuine issue for trial."[20] If the nonmoving party bears the burden of proof at trial, he

---

[14] Fed. R. Civ. P. 56(c).
[15] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).
[16] *Id.* at 323.
[17] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[18] *Celotex*, 477 U.S. at 323.
[19] *Id.* at 325.
[20] Fed. R. Civ. P. 56(c).

"may not rest upon the mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial."[21] At the summary judgment stage, the court is not to "weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial."[22] The threshold inquiry therefore is "determining whether there is a need for trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[23]

**Delaware Long Arm Statute**

The Delaware Long Arm statute, 10 *Del. C.* § 3104(c) provides, in pertinent part:

(c)  As to a cause of action brought by any person arising from any of the acts enumerated in the section, a court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent:
(1)  Transacts any business or performs any character of work or service in the State;
(2)  Contracts to supply services or things in this State;
(3)  Causes tortious injury in the State by an act or omission in this State;
(4)  Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;
(5)  Has an interest in, uses or possesses real property in the State; or
(6)  Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties provide otherwise in writing.

Subsection (c)(1)-(3) and (5)-(6) are specific jurisdiction provisions, where there must be a nexus between the cause of action and the conduct of the defendant as a

---

[21] *Anderson*, 477 U.S. at 248.
[22] *Id*. at 249.
[23] *Id*. at 250.

basis for jurisdiction.[24] Subsection (c)(4) is a general jurisdiction provision, which requires a greater extent of contacts, but applies when the claim is unrelated to forum contacts.[25] The Delaware Supreme Court applies a liberal construction to § 3104 to the maximum extent possible in order "'to provide residents a means of redress against those not subject to personal service within the State.'"[26]

**Parties' Positions**

Delhaize maintains that dismissal is warranted because it does not have the minimum contacts with the State of Delaware to invoke personal jurisdiction. In support of its position, Delhaize relies heavily on the affidavit of G. Linn Evans ("Evans"), its Vice-President of legal affairs, who contends that he has personal knowledge of the matters in his declaration. He asserts that Delhaize, a Belgium corporation, is the majority owner of Delhaize America, Inc. ("DAI"), which is a North Carolina corporation that owns Food Lion LCC ("Food Lion"). Food Lion is also a North Carolina corporation. Evans purports that Delhaize does not own or operate any Food Lion stores. His affidavit tracks the elements of the Delaware Law Arm Statute, and he denies each factor as to Delhaize. He expresses no opinion regarding DAI or Food Lion. Because Delhaize does not meet the elements of 10 *Del. C.* § 3104(c), it reasons that neither specific nor general jurisdiction can been maintained.

Emerald argues that, under D.Del. LR 41.1, plaintiff's inaction requires the matter be dismissed. Emerald notes that on May 13, 2008, it propounded interrogatories and

---

[24] *Monsanto*, 443 F. Supp. 2d at 642.
[25] *Applied Biosystems, Inc.*, 772 F. Supp at 1466.
[26] *Virgin Wireless, Inc. v. Virgin Enterprises Ltd.*, 201 F. Supp. 2d 294, 299 (D. Del 2002) (quoting *Boone v. Oy Partek Ab*, 724 A.2d 1150, 1156-57 (Del. Super. 1997)).

requests for production of documents directed to plaintiff, despite the fact that default had been entered against it.  As of the date of the filing of the present motion, five months after its discovery and more than three months since any activity on the docket by plaintiff had occurred, Emerald asserts that its discovery remains outstanding, and plaintiff has not responded to Delhaize's motion to dismiss.  Because of the lack of response by plaintiff, Emerald argues that the complaint should be dismissed against it.

Emerald also relies on the affidavit of E. Lynn Munoz ("Munoz"), an employee of Agriflora Corporation,[27] claiming that she has personal knowledge of Emerald's business activities.  In that affidavit, Munoz asserts that Emerald does not trade or do business under the name of Agriflora Corporation; that Emerald is solely in the business of providing flowers to wholesale distributors; and, that it does not design, manufacture, produce or sell glass vase containers, nor provide such containers to Food Lion.  Further, she asserts that Emerald does not sell roses to Food Lion in Smyrna, Delaware.  In light of the Muroz affidavit, Emerald opines that plaintiff cannot establish misrepresentation or negligence against Emerald.  Further, Emerald notes that strict liability is not a viable claim under Delaware's Uniform Commercial Code.[28]

Plaintiff responds to both motions in an essentially similar fashion.  Regarding Delhaize, it denies Delhaize's representations about its lack of contacts with Delaware, contending that since DAI is a wholly-owned subsidiary of Delhaize, and DAI operates the Food Lion stores, Delhaize is responsible.  In light of the corporate structure, plaintiff argues that Food Lion is the agent of Delhaize.  Because Food Lion operates

---

[27] In the complaint, plaintiff alleges that Emerald does business as Agriflora Corporation.
[28] C*line v. Prowler Industries of Maryland, Inc.*, 418 A.2d 968 (Del. Supr. 1980).

stores and transacts business in Delaware, Delhaize is subject to personal jurisdiction. It points to representations made on the Delhaize Internet website[29] which provides:

> Delhaize America is a leading supermarket operator in the United States with over 1,500 stores in 16 states in the eastern United States. Delhaize America operates under the banners of Food Lion . . . . Incorporated in 1957 in Salisbury, North Carolina, Food Lion reorganized as a holding company, Delhaize America, in 1999 . . . . On April 25, 2001, Delhaize America became a wholly owned subsidiary of Delhaize Group as a result of the Delhaize Group share exchange. In the share exchange, each share of Delhaize America Class A and Class B common stock not already owned directly or indirectly by Delhaize Group was exchanged for 0.40 Delhaize Group ordinary shares. . . .
>
> Delhaize Group is a food retailer in Belgium which operates in 7 countries . . . . The principal activity of Delhaize Group is the operation of food supermarkets in North America, Europe and Southeast Asia . . . . Delhaize Group's operations are located primarily in the United States, Belgium and Greece . . . .

As a result, plaintiff contends that Delhaize has minimum contacts with the State of Delaware through its agent, Food Lion.[30]

Concerning Emerald, plaintiff points to the activity that occurred before the transfer including the notice of default judgment against both defendants, the decision by that court on Delhaize's motion to set aside default and to dismiss, the transfer of the action to Delaware and the denial as moot by the Eastern District of Pennsylvania court of Emerald's motion to set aside the default judgment in November 2008, after its order for transfer had been entered and after the matter had been transferred. He contends that any delay which occurred after transfer was minimal and was primarily related to retaining local counsel, which is required in the District of Delaware to prosecute a

---

[29] www.delhaizegroup.com.
[30] According to the complaint, any injury plaintiff sustained and his purchase of the glass vase occurred in Delaware. Further, plaintiff is a Delaware resident.

case. Without addressing choice of law issues and assuming Emerald's assertions regarding strict liability are correct, plaintiff notes that he may still proceed under a breach of warranty claim because his action arose on April 28, 2006 and pursuant to 6 *Del. C.* § 2-275, a four year statute of limitations exists for breach of warranty to a third party beneficiary, such as plaintiff. Further, plaintiff comments on the infancy of the case and the absence of discovery to date. He observes that despite the Muroz affidavit, a letter from an insurance agent representing Delhaize/Food Lion's interests to Emerald demonstrates that Emerald supplied the vase and roses in question. According to the letter attached to plaintiff's response, that insurer was confirming whether Emerald would be handling the entire claim, including protecting Delhaize/Food Lion.

**Analysis**

    **Delhaize Motion**

Despite the lack of analysis and information by both plaintiff and Delhaize regarding the corporate structure and the relationship among the various Delhaize entities (the Delhaize Group, DAI and Food Lion), and based on the limited discovery to date, plaintiff has provided sufficient information to "muddy the waters." The information on the Delhaize website suggests that, as a food retailer, it maintains operations in the United States. Where those operations function in the United States and the relationship among those operations and the aforementioned entities is not entirely clear. Seemingly in contradiction to the Evans' affidavit, the website suggests that Food Lion is now the holding company DAI, which is a wholly-owned subsidiary of

Delhaize. The website also advises that Delhaize's principal activity is the operation of food markets in the United States. The website information appears to potentially conflict with the Evans affidavit. In light of the lack of clarity, the court will allow plaintiff to explore the corporate structure through discovery.[31]

### Emerald's Motion

As noted in Emerald's motion, D.Del. LR 41.1 is discretionary, in that the court *may* upon the application of a party where no action has been taken in the matter for a period of three months, dismiss the case.[32] Although this matter has lagged to a degree since the entry of the order to transfer, a scheduling order has been entered with due dates for completion of discovery and case dispositive motions, and a pretrial conference and trial are scheduled. Part of the delay involved six weeks to have the case transferred from one federal court to the other. Emerald, when its discovery was propounded, was technically in default. Further delay occurred because local counsel had not been retained. Although this matter has not been aggressively pursued, plaintiff has taken measures indicating his intent to prosecute his case in a more appropriate and timely fashion.[33]

Regarding Emerald's arguments on misrepresentation and negligence, they focus and depend upon the Munoz affidavit. According to that affidavit, Munoz is an

---

[31] Denying Delhaize's motion at the present stage of the proceedings does not mean that the court will accept the very limited information and cursory analysis posited by plaintiff in any future case dispositive motion by Delhaize.

[32] *See* D.Del. LR 41.1.

[33] The court expects all parties to properly manage and pursue this matter, including cooperating on discovery and responding to discovery. Further, the applicable procedural rules are the Federal Rules of Civil Procedure and this court's local rules, not the procedural rules of a state court, as suggested by plaintiff.

employee of Agriflora Corporation. She does not advise in what capacity she is employed for that corporation and in a conclusory fashion states that she has personal knowledge of Emerald's business activities. The affidavit fails to explain how she has such knowledge of Emerald, whether there is any relationship between Emerald and Agriflora and what that relationship is. In fact, the affidavit suggests that Emerald and Agriflora are two distinct companies by the statement that Emerald "does not trade or do business under the name of Agriflora Corporation." Fed. R. Civ. P. 56(e)(1) requires that any supporting affidavit must "show that the affiant is competent to testify on the matters stated." That evidence, other than a conclusory statement, has not been provided.

Further, the import of the letter from Food Lion's insurance representative to Emerald indicates that the vase vendor was Emerald.

Moreover, as noted by plaintiff, discovery in this matter has just begun. Dismissing the case at this stage would be premature. Rule 56(f) authorizes denial of a motion for summary judgment to permit discovery to be undertaken.[34] In essence, plaintiff made such a request of the court in his response.

As to strict liability, the issue of choice of law, which was not addressed by either Emerald or plaintiff, is significant.[35] It has a direct effect on whether strict liability is a viable cause of action. Although this matter was originally filed in Pennsylvania, that

---

[34] Fed. R. Civ. P. 56(f).
[35] No analysis or argument was provided by either party regarding choice of law. Since Emerald referenced *Cline v. Prowler Industries of Maryland, Inc.*, 418 A.2d 968 (Del. 1980), apparently it assumes that Delaware law applies to this matter.

does not automatically mean that Pennsylvania substantive law applies.[36]  When a federal court sits in diversity, it must apply the choice of law rules of the state in which it sits to determine which state's substantive law governs the controversy before it.[37]  As a result, this court is required to apply the State of Delaware's choice of law rules.  The instant matter involves personal injury, and appears primarily grounded in tort; however, plaintiff posits that he may proceed on breach of warranty, which arguably may be considered contractual in nature.  In any event, under *Travelers Indemnity Co v. Lake*, Delaware applies the "most significant relationship test" of the *Restatement (Second) of Conflicts* §§ 6, 145, and 146 for tort matters and § 188 for contract actions.  In tort cases, Delaware courts emphasize "the place where the injury occurred" and "the place were the conduct causing the injury occurred."[38]  Moreover, as directed by the Delaware Supreme Court, the lower state courts are required to apply the law of the state where the injury occurred, unless another state has a more significant relationship to the occurrence and the parties.[39]

In determining which jurisdiction has the most significant relationship, under the

---

[36] According to the complaint, it appears that certain significant events occurred in Delaware including the purchase of the vase by plaintiff and his injury.
[37] *Day & Zimmerman, Inc. v. Challoner*, 423 U.S. 3 (1975).
[38] 594 A.2d 38, 44-47 (Del. 1991).
[39] *Id.* at 47.  Section 145 of the *Restatement* provides that the local law of the state which "has the most significant relationship to the occurrence and the parties under the principles stated in § 6" governs the right of the litigations in a tort action.  It enumerates the following relevant contacts a court should consider when applying § 6:  "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and, (d) the place where the relationship, if any, between the parties is centered."  Section 146 specifically requires that the law of the state where the injury occurred is to be applied in a personal injury case unless the forum state has a more significant relationship under § 6.

*Restatement (Second) of Conflicts* §§ 6 and 145, a court is to analyze seven factors.[40]

As to contract actions, Delaware applies the "most significant relationship test" under the *Restatement* (*Second) of Conflicts* § 188, which places considerable emphasis on five factors.[41]

Since the parties never addressed the issue of choice of law and the court is uncertain whether a dispute exists on that issue, it will not, at this time, decide it. The above analysis, however, outlines the law that will guide the court should the issue be raised in the future. Further, since the parties declined to discuss choice of law, which is relevant to the issue of strict liability, the court cannot address Emerald's motion on strict liability.

Moreover, pursuant to *Cline*, when dealing with the sale of goods, under Delaware law, such actions are controlled by the Uniform Commercial Code ("U.C.C.") and not *Restatement (Second) of Torts* § 402.[42] In its detailed analysis in *Cline*, the Delaware Supreme Court determined that by enacting the U.C.C., the Delaware legislature intended "to preclude the adoption of the doctrine of strict tort liability and preempt the field of sales via the Code."[43] The court further recognized that recovery of damages under strict liability and the U.C.C. could be different because under the

---

[40] *Id.* Those factors are under § 6 of the *Restatement (Second) of Conflicts*: (a) the needs of the interstate and international systems; (b) the relevant policies of the forum; (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue; (d) the protection of justified expectations; (e) the basic policies underlying the particular field of law; (f) certainty, predictability and uniformity of result; and, (g) ease in the determination and application of the law to be applied. *Id.*

[41] Those elements under § 188 are "(a) the place of contracting, (b) the place of negotiation of the contract, (c) the place of performance, (d) the location and subject matter of the contract, and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties." *Playtex Family Products, Inc. v. St. Paul Surplus Lines Ins. Co.*, 564 A.2d 681, 688-89 (Del. Super. 1989).

[42] 418 A.2d at 978 & 980.

[43] *Id*. at 978.

15

U.C.C. they may be affected by "the presence of notice of the defect to the seller or manufacturer, 6 *Del. C.* § 2-607(3)(a), the existence of disclaimers, 6 *Del. C.* § 2-316 and the term of the applicable contract statute of limitations, 6 *Del. C.* § [2-]725."[44]

Plaintiff comments that he may proceed under a claim of breach of warranty through 6 *Del. C.* § 2-275, rather than strict liability. As noted in *Cline, a*lthough similarities exist between the coverage of those two remedial doctrines, the U.C.C. remedy has defenses available while such obstacles do not exist under strict tort liability.[45] Plaintiff is cautioned that the time is now for him to "fish or cut bait" on his causes of action against defendants.

Therefore,

IT IS ORDERED, ADJUDGED and DECREED that Delhaize Group's motion to dismiss (D.I. 21) is DENIED, with leave to refile after discovery on the corporate structure has been completed.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that

    1. Emerald Farms, Inc.'s motion to dismiss under D.Del. LR 41.1 (D.I. 22) is DENIED.

    2. Emerald Farms, Inc. motion to dismiss and/or for summary judgment on the remaining issues is DENIED under Fed. R. Civ. P. 56(f) with leave to refile after the necessary discovery is completed.

    3. If plaintiff has not responded to Emerald's outstanding discovery referenced in its memorandum of law and Emerald desires to have such discovery

---

[44] *Id.* at 974.
[45] *Id.* at 979.

responded to and the parties have not agreed to a date when those responses are due, plaintiff shall respond to such discovery on or before June 5, 2009.

        4. On or before June 5, 2009, plaintiff shall advise whether he intends to withdraw his strict liability claim, and whether he intends to proceed on a breach of warranty claim.

May 15, 2009                               /s/ Mary Pat Thynge
                                             UNITED STATES MAGISTRATE JUDGE